IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| APRIL ELLIS, | CV 26–09–GF–DWM |
| Plaintiff, | |
| vs. | ORDER |
| FRANK TORRES, et al., | |
| Defendants. | |

On January 30, 2026, Plaintiff April Ellis sued several individuals and entities, alleging her civil rights were violated during a traffic stop by Great Falls Police Officer Frank Torres (collectively, "Defendants"). (Doc. 1; *see* Doc. 22 (Amend. Compl.).) Invoking *Younger v. Harris*, 401 U.S. 37 (1971), Defendants seek to stay this matter pending the resolution of Ellis' criminal case in state court. (Doc. 6.) Although Ellis did not respond to the motion, it appears she opposes.[1] The motion to stay is granted.

"Federal courts have a presumptive, or what is sometimes said to be

---

[1] Ellis' Amended Complaint addresses both *Younger v. Harris* and *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Doc. 22 at 36–44.)

1

'virtually unflagging' obligation to decide cases within their jurisdiction."

*Stockton v. Brown*, 152 F.4th 1124, 1135 (9th Cir. 2025) (internal quotation marks

omitted). "*Younger* abstention is an exception to that rule, reflecting a national

policy forbidding federal courts to stay or enjoin pending state court proceedings

except under special circumstances." *Id.* (internal quotation marks omitted).

Relevant here,

> *Younger* principles apply in an action for damages pursuant to 42
> U.S.C. § 1983 in which the federal plaintiff brings a constitutional
> challenge to a state proceeding when that proceeding is ongoing; the
> state proceeding is of a judicial nature, implicating important state
> interests; and the federal plaintiff is not barred from litigating his
> federal constitutional issues in that proceeding. This is because a
> federal court would necessarily have to determine whether the federal
> plaintiff's constitutional rights were violated, and any such
> determination would have the same practical effect on the state
> proceedings as the injunctive relief condemned in *Younger* and the
> declaratory relief constrained in *Samuels* [*v. Mackell*, 401 U.S. 66
> (1971)].

*Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004); *see Sprint Comms., Inc.*

*v. Jacobs*, 571 U.S. 69, 78 (2013) (explaining that "ongoing state criminal

prosecutions" are one of three "exceptional circumstances" that permit *Younger*

abstention).

Here, Ellis asserts § 1983 claims for, *inter alia*, First Amendment retaliation

and Fourth Amendment unlawful seizure, false arrest, and excessive force arising

out of a 2023 traffic stop that resulted in her state criminal prosecution. (*See* Doc.

22.)[2] Ellis' state criminal case arising out of that incident is still pending before the Montana Supreme Court. *See* Cause No. DA 25-0460 (state response brief filed April 15, 2026). As that proceeding is a state criminal matter, it implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). And Ellis is not barred from pursuing her federal constitutional claims in that matter. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Comms. Telesys. Int'l v. Cal. Pub. Utilitis Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n*, 457 U.S. 423, 432 (1982)). Even if the particular constitutional claims alleged here were not all raised, a plaintiff's "failure to avail himself of the opportunity does not mean that the state procedures are inadequate." *Gilbertson*, 381 F.3d at 983. A stay of this matter is therefore appropriate under *Younger*. *See id.* at 984.

Accordingly, IT IS ORDERED that the defendants' motion to stay (Doc. 6) is GRANTED. This matter is STAYED pending the resolution of Ellis' state court

---

[2] Ellis' 235-page, single-spaced Amended Complaint contains 29 counts and does not meet Rule 8(a)(1)'s requirement that a pleading contain a "short and plain statement" of the case. Ellis will be given twenty-one days from the day the stay is lifted to file an amended pleading that complies with that mandate.

3

proceedings.  Within thirty (30) days of the Montana Supreme Court's decision in *Great Falls v. Ellis*, No. DA 25-0460, the defendants must file a motion to lift the stay.  No other motions will be entertained while the state proceedings remain pending.  Once the stay is lifted, Ellis will be given twenty-one (21) days to file an amended pleading that complies with Rule 8(a)(1) of the Federal Rules of Civil Procedure.  The failure to do so will result in the dismissal of this case for failure to prosecute and failure to comply with a Court order.  *See* Fed. R. Civ. P. 41(b).

DATED this 20ᵗʰ day of April, 2026.

Donald W. Molloy, District Judge
United States District Court